U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 MAY 27 PM 2: 47

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DARREN COUTURE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERMONT FORENSIC ASSESSMENT, )<br>PLLC, JOHN C. HOLT, PhD, Licensed )<br>Psychologist - Doctorate, THOMAS A. )<br>POWELL, PhD, Licensed Psychologist - )<br>Doctorate, MATTHEW F. VALERIO, Esq., )<br>EMILY TREDEAU, Attorney for Prisoner )<br>Rights, KIM BUSHEY, Program Director )<br>(Dept. of Corr.), and VICTORIA MARTINI, )<br>PhD, Licensed Psychologist - Doctorate, )<br>)<br>Defendants. ) | Case No. 5:16-cv-00134 |

**OPINION AND ORDER**
(Doc. 1)

Plaintiff Darren Couture, appearing *pro se*, brings this action against Vermont Forensic Assessment, PLLC, John C. Holt, PhD, Licensed Psychologist – Doctorate, Thomas A. Powell, PhD, Licensed Psychologist – Doctorate, Matthew F. Valerio, Esq., Emily Tredeau, Attorney for Prisoner Rights, Kim Bushey, Program Director for the Department of Corrections, and Victoria Martini, PhD, Licensed Psychologist – Doctorate, alleging: (1) violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, (2) violations of the Heath Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320, *et seq.*, (3) violations of the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, (4) violations of the analogous provisions of the Vermont Constitution, and (5) legal malpractice

based upon violations of the confidential attorney-client relationship.[1]  Couture has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 (*see* Doc. 1), and has submitted an affidavit (Doc. 1-1) that makes the showing required under § 1915(a).  Accordingly, the request to proceed *in forma pauperis* (Doc. 1) is GRANTED.  However, for the reasons set forth below, the Complaint is DISMISSED with leave to amend.  Plaintiff's request for appointed counsel (Doc. 1-2 at 6) is DENIED without prejudice.

## Discussion

Pursuant to the *in forma pauperis* statute, the court conducts an initial screening of the Complaint.  *See* 28 U.S.C. § 1915(e)(2).  Filings by self-represented parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  However, the court must dismiss the Complaint *sua sponte* if it determines the action fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint cannot proceed as drafted for two reasons.  First, though all alleged facts relate to a claimed HIPAA violation, "there is no private cause of action under HIPAA."  *Thurston v. Pallito*, Civil Action No. 5:13-cv-316, 2015 WL 1097377, at *17 (D. Vt. Jan. 13, 2015) (citation omitted) (Report and Recommendation), adopted in relevant part by 2015 WL 1101157 (D. Vt. Mar. 11, 2015); *see also Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d

---

[1] To the extent Plaintiff is also alleging that his attorney rendered ineffective assistance at his parole revocation hearing, (Doc. 1-2 at 6), his Complaint is devoid of any facts supporting this allegation.  Moreover, Plaintiff already alleged that he received ineffective assistance of counsel at his parole hearings in another case before this court, which was dismissed with prejudice.  *See Couture v. Blair*, No. 5:14-cv-00220, 2015 WL 1931548, at *2, 6-9 (D. Vt. Apr. 28, 2015).

2

Cir. 2015) ("It is doubtful that HIPAA provides a private cause of action at all." (collecting cases)).

Second, the non-HIPAA legal allegations are unclear. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short and plain statement of his claims against each defendant showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a). A complaint that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement will not suffice." *Id.* (internal quotation marks, citation, and alteration omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (Pleading must allege "enough facts to state a claim to relief that is plausible on its face"). Here, the Complaint as drafted does not allege specific facts to support Plaintiff's allegations of ADA and constitutional violations, or legal malpractice. Rather, it sets forth only conclusory statements alleging that his rights were violated.

Plaintiff has also asked the court to appoint counsel. (Doc. 1-2 at 6.) His request is based upon his assertion that his case "involves mental health/medical privacy issues outside the scope of Plaintiff's understanding abilities." (*Id.*) The court notes that "*pro se* parties do not have a constitutional right to the assistance of counsel in civil cases. *See Marshall v. Hanson*, No. 2:13-cv-224-wks, 2015 WL 1429797, at *3 (D. Vt. Mar. 27, 2015) (citing *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011)). While the court considers several factors when evaluating whether to appoint counsel for a party proceeding *in forma pauperis*, the threshold consideration is "whether the [party's] position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (citation omitted). The Second Circuit

has instructed that "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989). As explained above, Plaintiff's allegations currently lack legal merit, and therefore the court is barred from appointing counsel at this time.

Generally, a *pro se* litigant is afforded an opportunity to amend his pleading prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted). Plaintiff is hereby GRANTED thirty days leave to file an Amended Complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure, and that sets forth claims that may be asserted in federal court. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The Amended Complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. It must allege all claims and name all defendants Plaintiff intends to include, as the Amended Complaint will supersede the original proposed Complaint in all respects. No summonses shall issue at this time.

## Conclusion

The motion to proceed *in forma pauperis* (Doc. 1) is GRANTED. Plaintiff's HIPAA claims are DISMISSED WITH PREJUDICE, and all other claims are DISMISSED WITHOUT PREJUDICE. Plaintiff shall file a proper Amended Complaint within 30 days. **If Plaintiff fails to properly amend his Complaint within thirty days as directed by this Order, the court may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B).**

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 27 day of May, 2016.

Geoffrey W. Crawford, Judge
United States District Court